UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-62708-CIV-SINGHAL

ARNALDO MENDIBUR CASADO,

     Petitioner,

v.

GARRETT RIPA, in his official capacity as
Field Office Director of Enforcement and
Removal Operations, Miami, Field Office,
Immigration and Customs Enforcement;
*et al.,*

     Respondents.

_____/

## **<u>ORDER</u>**

**CHARACTERISTIC** of the undersigned's upbringing, surrounded by law-abiding immigrants who left oppressive conditions in search of a rule-following citizenry in a country that offered a better life, there was one maxim that rang true above all others: one respected and followed his parents even when they were wrong.

Today that same principle applies with the concept of vertical precedent. Despite the superior and well-reasoned plain-meaning analysis of the dissenting judge in *Hernandez Alvarez v. Warden, Federal Detention Center, Miam*i, 2026 WL 1243395 (11th Cir. May 6, 2026) (Lagoa, J.), this Court is duty-bound to follow the majority opinion authored by its parent court. The Eleventh Circuit ruled that aliens who are detained within the country, rather than upon arrival at the border, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) but are instead entitled to a bond hearing under 8 U.S.C. § 1226. Because § 1225(b)(2)(A) by its plain language applies to non-admitted aliens who are inspected in the interior, the rule created in *Alvarez* should not have come

from any court but instead from Congress.

It is Congress who is empowered to enact this country's immigration laws, and Congress saw fit to fashion a mandatory detention scheme in § 1225(b)(2) and a more flexible scheme permitting detention, bond, or parole under § 1226(a).  In this Court's view, *Alvarez* effectively dismantles that scheme contrary to congressional will.  That the Executive branch proceeded against aliens subject to § 1225(b)(2)'s mandatory detention scheme pursuant to § 1226(a) for nearly 30 years demonstrates only the Executive's discretion in enforcement matters, not § 1225(b)(2)'s inapplicability.  Executive memoranda indicates that decision was a conscious choice.  *See* 62 Fed. Reg. 10312, 10323 (March 6, 1997) ("*Despite being applicants for admission*, aliens who are present without having been admitted or paroled (formerly referred to as aliens who entered without inspection) will be eligible for bond and bond redetermination.") (emphasis added).

Accordingly, in this Court's view, *Alvarez* interprets sections 1225(b)(2)(A) and 1226(a) in a way that effectively eliminates one of the two congressionally authorized means of removing aliens who are unlawfully present in the United States.  The result is both damage to the political will as expressed by Congress and also to the Executive's prerogative in choosing between multiple lawful means to achieve a common end.  While the insistence of courts to do Congress's work has historically resulted in consequences damaging to the country, inferior courts must follow their appellate authorities—right or wrong.  Consequently, this Court faithfully follows binding precedent as expressed in *Alvarez*.

Courts maintain authority and jurisdiction to grant writs of habeas corpus when

2

aliens are unlawfully held in immigration detention.  28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).  Under Eleventh Circuit precedent, Petitioner is being held in violation of the Immigration and Nationality Act.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. To the extent Petitioner seeks an individualized bond hearing, the Petition for Writ of Habeas Corpus (DE [1]) is **GRANTED**;

2. The government is **ORDERED** to give Petitioner an individualized bond hearing no later than **Monday, June 1, 2026**;

3. The Clerk of Court is directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 26th day of May 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF